## JURISDICTION OF MAYOR.

[Circuit Court of Wood County.]

ARTHUR HILLIER v. THE STATE OF OHIO.

Decided, November 28, 1904.

*Criminal Law—Distinction Between Jurisdiction of Mayor and Magistrate—Plea of Guilty—Constitutes a Waiver of a Jury Trial.*

1. The entering of a plea of guilty is a waiver of a trial by a jury.
2. A mayor having complete jurisdiction in cases of misdemeanor, a plea of guilty entered before him is to be given the same effect as in the courts of higher jurisdiction.

PARKER, P. J. (orally); HULL, J., and HAYNES, J., concur.

Error to the Court of Common Pleas of Wood County.

Complaint was filed against Arthur Hillier before the Mayor of the City of Bowling Green, charging him with a misdemeanor, to-wit, cohabiting with one Martha Shupe in a state of fornication, under Section 7020, Revised Statutes. He was brought before the mayor, and plead guilty to the offense with which he was charged. Thereupon he was sentenced to pay a fine of fifty dollars and costs of prosecution, and to be committed to the Toledo Work House for a period of thirty days, and to stand committed to said work house until said fine and costs should be paid, or until he was otherwise discharged by due process of law.

After entering this plea of guilty and being sentenced, the defendant filed a petition in error in the court of common pleas, averring that the judgment of the mayor was contrary to law; that the court had no jurisdiction to render the judgment it did, and generally, that there were other errors prejudicial to the defendant.

The judgment of the mayor was affirmed by the court of common pleas, and now error is prosecuted to this court and upon the same grounds; that is to say, that the judgment of the court was erroneous and in fact void, because the mayor had no jurisdiction to proceed to sentence upon this plea of guilty.

Our attention has been directed to a number of sections of the Revised Statutes bearing upon the question of the juris-

diction of the mayor, viz., Sections 1816 to 1822, inclusive. It is said that but few of these sections have any special bearing upon the case at bar. Section 1817 provides he shall have final jurisdiction to hear and determine any prosecution for a misdemeanor, unless the accused is, by the Constitution, entitled to a trial by a jury; and his jurisdiction in such cases shall be co-extensive with the county.

Section 1818 provides that he shall have such jurisdiction in the cases mentioned in the last two sections, notwithstanding the right to a jury, if before the commencement of the trial the accused waive a jury trial. "The last two sections" refer to Sections 1816 and 1817, the first of which covers prosecutions under an ordinance.

Section 1820 provides:

"If the charge is the commission of a misdemeanor prosecuted in the name of the state, and the accused, being entitled to a jury, does not waive the right, the mayor may, nevertheless, impanel a jury and try the case on the affidavit, in the same manner and with like effect, as such cases are tried in the court of common pleas on the indictment."

It will be observed that this section gives to the mayor full and complete jurisdiction in cases of prosecution for misdemeanors; to proceed to trial without the intervention of a jury if a jury is waived, or to proceed to trial with a jury if a jury is not waived.

Section 1821 gives the mayor discretionary powers to decline to have the case tried before him by a jury and to hold the accused to answer to a higher court.

It will be observed in the case at bar that the accused did not expressly waive a jury; that if he waived a jury, he did so by his plea of guilty.

In a case to which our attention has been called, the case of *Hanaghan v. State*, 51 Ohio St., 24, it was held, with respect to proceeding of a like character before a justice of the peace, that such justice of the peace was without jurisdiction to sentence upon a plea of guilty, or to proceed to trial in case of a misdemeanor unless the accused expressly and in writing waived a jury. The sections bearing upon the question, and referred to in the opinion of Judge Williams, are Sections 7146 and 7147

of the Revised Statutes. It will be observed, however, upon reading these sections, that Section 7146 undertakes to safeguard the interests of society so as to prevent collusion between the accused and some friend by whom he may be brought into court, and without the magistrate being advised of the gravity of his offense, or the aggravating circumstances that may attend it, the offender may enter a plea of guilty and have a sentence imposed that would be wholly inadequate to the punishment of the offense of which he is guilty. That section provides that if the complaint is not by the party injured, and the party accused pleads guilty, the magistrate shall require the party so accused to enter into a recognizance to appear at the proper court, as provided in a case where there is no plea of guilty, and the magistrate upon inquiry finds that he is probably guilty.

There is a similar provision in the statutes with reference to the proceedings of mayors in like cases, and Section 7147 contains a provision with reference to the waiving of a jury, that it must be in writing, subscribed by the accused and filed before or during the examination.

Now, with respect to that provision, it was held by the Supreme Court in this case that it was jurisdictional; a prerequisite—that is to say, the filing of this waiver in writing by the accused—without it such magistrate was without jurisdiction to proceed to trial. His jurisdiction was much more limited than that of a mayor. A mayor's jurisdiction in such case is to all intents and purposes as broad and complete as the jurisdiction of the probate court or the court of common pleas. It was held that where one entered a plea of guilty before a magistrate who had not complied with the statute or had not followed the statute with respect to waiving a jury by a writing filed in the case, signed by him, that such plea of guilty should be regarded as having the effect of waiving an examination into the facts, and it then devolved upon the magistrate to hold him by recognizance to answer to a higher court. But before a mayor having complete jurisdiction in cases of misdemeanor, we can not see why the same effect should not be given to a plea of guilty as is given to such a plea in any other court having full jurisdiction in the matter.

Now, that the entering of a plea of guilty authorizes a court to proceed to judgment and sentence in a case—that it has all the force and effect of a verdict of a jury, is a rule so well known and understood by the profession that we think it does not require the citation of authority in its support. We know that it is everyday practice in the probate court and in the court of common pleas for a person to enter a plea of guilty, for judgment to be passed thereon, and it can hardly be claimed by any member of the profession that the accused could prosecute error because among the records was not found a written waiver of a jury. No written waiver of a jury is required in those courts or before the mayor. The provision is general that he may waive a jury. So that we think that this case cited in the 51 Ohio State is not opposed to the view we have expressed— that before a mayor the plea of guilty has the same force and effect as a plea of guilty in the probate court or the court of common pleas.

We have been cited to some authority as to the effect of a plea of guilty, and I call attention to a single sentence from the opinion of the court in the case of *Hirn* v. *State,* 1 Ohio St., page 23, where it is said: "In a criminal case in this state a defendant can not waive a jury trial in any other way than by a plea of guilty." It seems to be recognized as not only a proper way, but the only way; though, as we have pointed out, there is now another way provided in proceedings before a justice of the peace.

Entertaining this view of the matter, we hold that the magistrate had full and complete jurisdiction; that he did not err, and consequently the court of common pleas did not err in affirming his judgment, and the judgment of the court of common pleas will be affirmed by this court.

*Beverstock & Donahay,* for plaintiff in error.

*E. G. McClelland,* Prosecuting Attorney, for defendant in error.